UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CARMEN VICTORIA SEQUERA,

                Plaintiff,        08 Civ. (   )

    -against-

PATRICK DUNNIGAN, individually, DONALD
WOOD, individually, NICHOLAS CUOMO,        COMPLAINT
individually, "JOHN" LORVIL, individually,
EDWARD CARLON, individually, ALFRED
De JESUS, individually, and A. PARNESS,
individually,

**08 CIV. 1046**

Jury Trial Demanded

                Defendants.

**BRIEANT**

------------------------------------------------------------x

Plaintiff CARMEN VICTORIA SEQUERA, by her attorneys Lovett & Gould, LLP, for her complaint respectfully alleges:

### NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages, proximately resulting from Defendants' conduct engaged in while acting in concert and under color of New York State law, for violations of Plaintiff's rights as guaranteed by reason of 42 U.S.C. §1981 and 42 U.S.C. §1983.

### JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

1

## THE PARTIES

3. Plaintiff CARMEN VICTORIA SEQUERA is a female Hispanic, a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. At all times relevant to this complaint, except as expressly indicated *infra*, commencing in 2005 and continuing thereafter she was employed on a probationary basis by the New York State Thruway Authority (hereinafter "Authority") as a "Thruway Maintenance Worker Trainee I". She is a thirty-three year old divorced mother of four, circumstances disclosed by Plaintiff to Defendants. Her work assignment required her to interact with approximately thirty male co-workers and no other females.

4. Defendant PATRICK DUNNIGAN (hereinafter "Dunnigan"), who is sued in his personal and individual capacities only, is a male Caucasian employee of the Authority. At all times relevant to this complaint, except as expressly indicated *infra*, as a "Supervisor I" he directly supervised Plaintiff in the workplace. In that connection the Authority has for years maintained a systemic practice of discrimination against females and female Hispanics in the workplace: a) routinely subjecting them to retaliatory adverse employment action for engaging and/or allegedly engaging in conduct that their male Caucasian co-workers actually and regularly indulge in with impunity (*e.g.* sleeping on duty); b) subjecting them to a hostile work environment by reason of their gender; and *inter alia* c) punishing them for their good faith, non-disruptive expression of concerns regarding health and safety related matters causally linked to the improper conduct of their male counterparts.

5. Defendant DONALD WOOD (hereinafter "Wood"), who is sued in his personal and individual capacities only, is a male Caucasian employee of the Authority. At all times relevant to this complaint, except as expressly indicated *infra*, as a "Supervisor II" he also supervised Plaintiff in the workplace.

7. Defendant NICHOLAS CUOMO (hereinafter "Cuomo"), who is sued in his personal and individual capacities only, is a close personal friend of Dunnigan and Wood and was at all times relevant to this complaint a male, Caucasian permanent employee of the Authority who with the knowledge and encouragement of Dunnigan and Wood subjected Plaintiff to *inter alia* on-the-job harassment as set forth *infra*.

8. Defendant "JOHN" LORVIL (hereinafter "Lorvil"), who is sued in his personal and individual capacities only, at all times relevant to this complaint was a male, Caucasian permanent employee of the Authority who with the knowledge and encouragement of Dunnigan and Wood subjected Plaintiff to *inter alia* on-the-job harassment as set forth *infra*.

9. Defendant EDWARD CARLON (hereinafter "Carlon"), who is sued in his personal and individual capacities only, at all times relevant to this complaint was a male, Caucasian employee of the Authority who with the knowledge and encouragement of Dunnigan and Wood subjected Plaintiff to *inter alia* on-the-job harassment as set forth *infra*.

10. Defendant ALFRED DeJESUS (hereinafter "DeJesus"), who is sued in his personal and individual capacity only, at all times relevant to this complaint, was a male employee of the Authority who with the knowledge and encouragement of Dunnigan and Wood subjected Plaintiff to *inter alia* on-the-job harassment as set forth *infra*.

11. Defendant A. PARNESS (hereinafter "Parness"), who is sued in his personal and individual capacity only, at all times relevant to this complaint was a male Caucasian employee of the Authority who with the knowledge and encouragement of Dunnigan and Wood subjected Plaintiff to *inter alia* on-the-job harassment as set forth *infra*

### THE FACTS

12. During the course of Plaintiff's employment with the Authority she was repeatedly and routinely subjected to a hostile work environment by reason of her gender and ethnicity. In that connection, *inter alia*:

   a. Within two months of Plaintiff's commencement of employment Dunnigan directed her to "flash" her breasts to him on the job, warning that if she did not do so she would be fired,

   b. Subsequently Dunnigan reiterated to her his directive to "flash" him, again warninig that her continuing refusal to do so would result in termination of her employment,

   c. Cuomo repeatedly advised Plaintiff that the position she held with the Authority was: "Not a woman's job",

   d. Cuomo falsely advised one of Plaintiff's male co-workers (Michael Ricano) that Plaintiff had filed a charge of sexual harassment against him,

   e. The individually named Defendants repeatedly advised Plaintiff that she "should be at home", rather than in a workplace,

      f. DeJesus without authority or permission stuck his finger into a small tear in the rear of work pants that Plaintiff was wearing and then ripped a portion of those pants off of Plaintiff's buttocks,

      g. Lorvil repeated advised Plaintiff: "I love the way your ass looks",

      h. Lorvil repeatedly advised Plaintiff: "If I wasn't [*sic*.] married I'd sleep with you",

      i. Parness repeatedly advised Plaintiff that she was "pretty",

      j. Carlon repeatedly advised Plaintiff: "I know Hispanic women are good in bed - - I know that you are. You look the type",

      k. By reason of her being a female Hispanic Cuomo repeatedly addressed her as "retarded" and "stupid";

      l. Dunnigan, having been advised by Plaintiff that she could not perform a particular job function due to her then heavy menstrual flow, issued a job counseling memorandum to her accusing her of "picking and choosing" which jobs she was willing to perform;

      m. Dunnigan repeatedly addressed her as "stupid",

      n. Parness, in reference to her intellectual capacity and "brain", advised her repeatedly that she was "fuckin' shot",

      l. Many of her male co-workers, including the individually named Defendants would sit idly by while Plaintiff was forced to perform very strenuous work - - as the males ridiculed and laughed at her, and,

      m. Dunnigan repeatedly insured that she was given frivolous job counseling memoranda and negative job performance evaluations

intended to serve as the predicate for termination of her employment.

13. None of the Defendants' derogatory and demeaning sexist and/or ethnic comments and/or physical contact was solicited or welcome, a circumstance Plaintiff made known to the individually named Defendants.

14. In connection with health and safety related matters affecting the work environment, Plaintiff non-disruptively expressed her concerns to Dunnigan and Wood regarding male co-workers stealing taxpayer's money, engaging in dangerous practices putting themselves and others at risk, and deliberately refusing to provide the services they were hired to perform including the fact that:

   a. Male co-workers were drinking heavily on the job,

   b. Male co-workers, while being paid by the Authority, did not work, but

   c. Male co-workers, while being paid by the Authority, were routinely sleeping on the job, and, *inter alia*,

   d. That co-worker Danny Pesackis, while being paid by the Authority, distributed to male co-workers betting slips with respect to professional football games.

15. Because of the hostile workplace, the gender based disparate treatment directed at Plaintiff, the systemic corruption about which Plaintiff reported, the threats regarding termination of her employment, and the failure of the Authority to take any remedial action about it, Plaintiff was effectively chilled in the exercise of her First Amendment rights. As a proximate result she did not express to the Authority's administration her fact-based concerns regarding Dunnigan and Wood's routine provision

to Cuomo and other male co-workers advance warnings about impending "random" drug testing.

16. As a proximate result of Plaintiff's refusal to accede to Dunnigan's sexual entreaties and/or engage in sexual favors with her other sexual tormentors, and because of her in-the-workplace whistleblowing activities, at Dunnigan and Wood's urging she was terminated effective November 23, 2006, on the false premise that she was sleeping on the job - - even though her male counterparts routinely sleep on the job with absolute impunity.

17. Defendants' conduct caused Plaintiff to suffer: loss of employment; financial losses; loss of benefits; public humiliation; public embarrassment; public shame; emotional upset; anxiety; a work environment laced with pervasive gender based discrimination; disparate treatment from that accorded her male co-workers because of her sex; punishment for expressing her concerns on matters of public importance; disparate treatment by reason of her ethnicity and/or skin color and/or national original; chilling of her prospective exercise of her right to free speech, and she has otherwise been rendered sick and sore.

## AS AND FOR A FIRST CLAIM

18. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "17", inclusive.

19. Under the premises Defendants' conduct violated Plaintiff's rights as guaranteed by 42 U.S.C. §1981.

## AS AND FOR A SECOND CLAIM

20. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "17", inclusive

21. Under the premises Defendants' conduct violated Plaintiff's rights as guaranteed by the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A THIRD CLAIM

22. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "17", inclusive.

23. Under the premises Defendants' conduct violated Plaintiff's rights as guaranteed by the First Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully requested:

    a. Awarding against the individually named Defendants such punitive damages as the jury may impose,

    b. Awarding against the individually named Defendants such compensatory damages as the jury may determine,

    c. Awarding against the individually named Defendants reasonable attorney's fees and costs, and,

      d.      Granting against said Defendants such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
       January 29, 2008

                                        LOVETT & GOULD, LLP
                                        By:_____
                                        Jonathan Lovett (48544)
                                        Attorneys for Plaintiff
                                        222 Bloomingdale Road
                                        White Plains, N.Y. 10605
                                        914-428-8401