UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CARMEN VICTORIA SEQUERA,
        Plaintiff,

- against -

PATRICK DUNNIGAN, individually, DONALD
WOOD, individually, NICHOLAS CUOMO,
individually, "JOHN" LORVIL, individually,
EDWARD CARLON, individually, ALFRED
DeJESUS, individually, and A. PARNESS,
individually,
        Defendants.
------------------------------------------------------------X

**Civil Action No.: 08 CV 1046**
**(Brieant J.)**

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants Patrick Dunnigan, Donald Wood, Nicholas Cuomo, "John" Lorvil, Edward Carlon, Alfred DeJesus, and A. Parness, in their individual capacities (hereinafter "the defendants") by and through their attorneyAndrew M. Cuomo, Attorney General for the State of New York, Anthony J. Tomari, of counsel, by way of Answer to the complaint of plaintiff Carmen Victoria Sequera state:

### NATURE OF THE ACTION

1.     Paragraph "1" of plaintiff's complaint sets forth the statues under which she sues and thus sets out conclusions of law to which no admission or denial is required. To the extent an admission or denial is required, the named defendants deny each and every allegation contained in the jurisdictional statement of the Complaint. However, the named defendants cede to the jurisdiction of this Court.

2.     Paragraph "2" of plaintiff's complaint sets forth the statues under which she asserts jurisdiction and thus sets out conclusions of law to which no admission or denial is

required. To the extent an admission or denial is required, the named defendants deny each and every allegation contained in the jurisdictional statement of the Complaint. However, the defendants cede to the jurisdiction of this Court.

## THE PARTIES

3.  The defendants deny knowledge and information sufficient to form a belief as to the truth of the statements in paragraph "3" of the complaint. However defendants admit, based upon information and belief, that plaintiff was hired as a "Permanent Thruway Maintenance Worker (hereinafter "TMW") Trainee on November 17, 2005. At all times relevant herein, plaintiff was a probationary employee.

4.  Defendant Dunnigan admits he is a male Caucasian and that he was plaintiff's immediate supervisor from May 18, 2006 through her termination on or about November 15, 2006. All defendants deny each and every other allegations contained in paragraph "4" of the complaint, specifically that the New York State Thruway Authority "maintained a systematic practice of discrimination against females and female Hispanics in the workplace.

5.  Defendants admit the factual allegations contained in paragraph "5" of the complaint.

6[1].  Defendant Nicholas Cuomo admits he is a Caucasian male. Defendants lack knowledge and information to form a belief as to whether defendant Cuomo was "a close personal friend of Dunnigan and Wood" as defendants do not know what plaintiff defines as "a

---

[1]Plaintiff misnumbered the complaint and has no paragraph "6". Defendants will use the correct number, as opposed to plaintiff's number, throughout their answer.

close personal friend" or "permanent employee". Defendants deny all the remaining allegations contained in paragraph "7" of the complaint.

7. Defendant Lorvil admits he is a Caucasian male. Defendants deny knowledge and information sufficient to form a belief as to the truth of the assertion he is a "permanent employee" of the Authority, as defendants do not know what plaintiff defines as a " permanent employee". Defendants deny all the remaining allegations contained in paragraph "8" of the complaint.

8. Defendant Edward Carlon admits he is a Caucasian male. Defendants deny knowledge and information sufficient to form a belief as to the truth of the assertion he is a "permanent employee" of the Authority, as defendants do not know what plaintiff defines as a " permanent employee". Defendants deny all the remaining allegations contained in paragraph "9" of the complaint.

9. Defendant Alfred DeJesus admits he is a male employee of the Authority. Defendants deny all the remaining allegations contained in paragraph "10" of the complaint.

10. Defendant A. Parness admits he is a male Caucasian employee of the Authority. Defendants deny all the remaining allegations contained in paragraph "11" of the complaint.

## THE FACTS

11. Defendants deny each and every allegation contained in paragraph "12" of the complaint. As to each subsection: (a) Defendant Dunnigan denies each and every allegation and the remaining defendants deny knowledge and information sufficient to form a belief as to the truth of the allegation; (b) Defendant Dunnigan denies each and every allegation and the

remaining defendants deny knowledge and information sufficient to form a belief as to the truth of the allegation; (c) Defendant Cuomo denies each and every allegation and the remaining defendants deny knowledge and information sufficient to form a belief as to the truth of the allegation; (d) Defendant Cuomo denies each and every allegation and the remaining defendants deny knowledge and information sufficient to form a belief as to the truth of the allegation; (e) defendants deny each and every allegation; (f) DeJesus denies each and every allegation and the remaining defendants deny knowledge and information sufficient to form a belief as to the truth of the allegation; (g) Lorvil denies each and every allegation and the remaining defendants deny knowledge and information sufficient to form a belief as to the truth of the allegation; (h) Lorvil denies each and every allegation and the remaining defendants deny knowledge and information sufficient to form a belief as to the truth of the allegation; (i) Parness denies each and every allegation and the remaining defendants deny knowledge and information sufficient to form a belief as to the truth of the allegation; (j) Carlon denies each and every allegation and the remaining defendants deny knowledge and information sufficient to form a belief as to the truth of the allegation; (k) Cuomo denies each and every allegation and the remaining defendants deny knowledge and information sufficient to form a belief as to the truth of the allegation; (l) Dunnigan admits he wrote a memo setting forth plaintiff's "picking and choosing" what jobs she would do, among other deficiencies in a Job Counseling Memo dated August 7, 2006. The remaining defendants deny knowledge and information sufficient to form a belief as to the truth of the allegation; (m) Defendant Dunnigan denies each and every allegation and the remaining defendants deny knowledge and information sufficient to form a belief as to the truth of the allegation; (n) Defendant Parness denies each and every allegation and the remaining defendants

deny knowledge and information sufficient to form a belief as to the truth of the allegation; (o)[2] the defendants deny knowledge and information sufficient to form a belief as to the truth of the allegation; and (p) Defendant Dunnigan denies each and every allegation and the remaining defendants deny knowledge and information sufficient to form a belief as to the truth of the allegation.

12. Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph "13" as neither the contact nor conduct is set forth or referred to.

13. Defendants Dunnigan and Wood deny each and every allegation and the remaining defendants deny knowledge and information sufficient to form a belief as to the truth of the allegation.

14. Defendants Dunnigan, Wood and Cuomo deny each and every allegation contained in paragraph "15" of the complaint. The remaining defendants deny knowledge and information sufficient to form a belief as to the truth of the allegation.

15. Defendant Dunnigan denies each and every allegation contained in paragraph "16" of the complaint. The remaining defendants deny knowledge and information sufficient to form a belief as to the truth of the allegation.

16. Defendants deny each and every allegation contained in paragraph "17" of the complaint.

---

[2] Again Plaintiff mis-lettered the subsections; rather than labeling the subsection sequentially with the letter "O"; it is lettered "L".

## AS AND FOR A FIRST CLAIM

17. The defendants repeat and restate each and every answer to paragraphs "1" through "17" of plaintiff's complaint as if it were set forth at length herein.

18. The defendants deny each and every allegation contained in paragraph "19" of the complaint.

## AS AND FOR A SECOND CLAIM

19. The defendants repeat and restate each and every answer to paragraphs "1" through "17" of plaintiff's complaint as if it were set forth at length herein.

20. The defendants deny each and every allegation contained in paragraph "21" of the complaint.

## AS AND FOR A THIRD CLAIM

21. The defendants repeat and restate each and every answer to paragraphs "1" through "17" of plaintiff's complaint as if it were set forth at length herein.

22. The defendants deny each and every allegation contained in paragraph "23" of the complaint.

## Affirmative Defenses

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

23. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

24. All employment decisions made by defendants and actions taken by defendants with respect to plaintiff were made or taken for legitimate non-discriminatory reasons.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

25. Defendants have not participated in, condoned, or known of any policy or practice that discriminates against plaintiff on the basis of any protected status.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

26. Defendants exercised reasonable care to prevent and correct promptly any harassing behavior and plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by defendants or otherwise.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

27. Plaintiff's Title VII claims are barred to the extent that plaintiff raises substantially new allegations that were not previously raised in her charge of discrimination before the EEOC.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

28. Plaintiff's' Title VII claims are barred to the extent that she failed to exhaust administrative remedies.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

29. Plaintiff's Title VII claims are barred, in whole or in part, by the applicable statute of limitations or the time periods specified by the EEOC.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

30. Plaintiff's Title VII claims fail to state a cause of action.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

31. Plaintiff's request for damages is barred to the extent that she failed to mitigate

**WHEREFORE**, for all the reasons set forth herein defendants request the dismissal of plaintiff's complaint in its entirety and any and all such other relief that this court deems just and proper.

Dated:   New York, New York
         May 20, 2008

                                         ANDREW M. CUOMO
                                         Attorney General of the
                                             State of New York
                                         <u>Attorney for Defendants</u>
                                         By:

                                         Anthony J. Tomari
                                         Assistant Attorney General
                                         120 Broadway, 24TH Floor
                                         New York, NY 10271
                                         (212) 416-8553

TO:   Jonathan Lovett, Esq.
      LOVETT & GOULD, LLP
      <u>Attorneys for Plaintiff</u>
      222 Bloomingdale Road
      White Plains, New York 10605
      Tel. No. (914) 428-8401